IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ] ] ] |
| Plaintiff, | ] ] |
| VS. | ] CIVIL ACTION NO.: ] ] |
| AUTOZONE, INC., | ] COMPLAINT ] |
| Defendant. | ] JURY TRIAL DEMAND ] |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Roderick Broughton who was adversely affected by such practices. As alleged with greater particularity below, the Commission alleges that AutoZone, Inc. ("Defendant" or "AutoZone") discriminated against Roderick Broughton, an African-American, by retaliating against him after he opposed racial and sexually discriminatory employment practices.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Alabama.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant AutoZone has continuously been a Nevada corporation doing business in the State of Alabama in the City of Mobile, and the County of Baldwin, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Roderick Broughton filed a charge with the Commission alleging violations of Title VII by AutoZone all conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least November 2004, Defendant has engaged in unlawful employment practices at its Mobile and Baldwin County, Alabama locations, in violation of Section 703(a) and Section 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)and 2000e-3(a). The practices include the discriminatory discharge of Roderick Broughton in retaliation for him having opposed race discrimination and sexual harassment in the workplace.

8. On or about March 26, 2001, AutoZone hired Roderick Broughton as parts manager at Respondent's Smyrna, Georgia store.  Mr. Broughton resigned his position in June 2001, but was rehired to Store #083 in Mobile, Alabama.

9. On or about September 22, 2002, AutoZone promoted Roderick Broughton to store manager and transferred him to Store #0164 in Mobile, Alabama.

10. On or about November 13, 2003, Roderick Broughton voluntarily stepped down as store manager at Store #0164 and was replaced by David Walker.

11. Beginning as early as November 2003, Roderick Broughton complained about conduct he reasonably believed to be discriminatory on the bases of race and sex. He complained to AutoZone on numerous occasions thereafter, including reporting the conduct of his supervisor to AutoZone's senior managers.

12. In January 2004, following Roderick Broughton's complaints to AutoZone, AutoZone commenced an investigation of sexual harassment allegations. Roderick Broughton continued to oppose discriminatory practices and participated in the investigation, providing a statement that corroborated the sexual allegations. During the sexual harassment investigation, Roderick Broughton again complained about conduct he reasonably believed to be discriminatory on the bases of race.

13. On or about January 30, 2004, weeks after Roderick Broughton's complaints to senior management, AutoZone terminated Roderick Broughton's employment in retaliation for his complaints about the unlawful race and sex discrimination.

14. The effect of the practices complained of in Paragraphs seven (7) through thirteen (13) has been to deprive Roderick Broughton of equal employment opportunities and otherwise adversely affect his status as an employee in retaliation for his opposition to conduct prohibited by Title VII of the 1964 Civil rights Act, as amended.

15. The unlawful employment practices complained of in Paragraphs seven (7) through thirteen (13) above were intentional.

16. The unlawful employment practices complained of in Paragraphs seven (7) through thirteen (13) were done with malice or with reckless indifference to the federally-protected rights of Roderick Broughton.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant AutoZone, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation and any other employment practice which discriminates on the basis of race, sex or retaliation.

B. Order Defendant AutoZone to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees regardless of their race or sex and for those who oppose unlawful employment discrimination, and which policies, practices, and programs eradicate the effects of AutoZone's past and present unlawful employment practices.

C. Order Defendant AutoZone to make whole Roderick Broughton, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, rightful place reinstatement of Roderick Broughton or front pay in lieu thereof.

D. Order Defendant AutoZone to make whole Roderick Broughton by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph seven (7) through thirteen (13) including, out

of pocket losses, job search expenses, and medical expenses in amounts to be determined at trial.

E. Order Defendant AutoZone to make whole Roderick Broughton by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in Paragraphs seven (7) through thirteen (13) above including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant AutoZone to pay Roderick Broughton punitive damages for the conduct described in Paragraphs seven (7) through thirteen (13), in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

\s\ C. Emanuel Smith
C. EMANUEL SMITH
Regional Attorney
Mississippi Bar #7473

\s\ Mildred Byrd
MILDRED BYRD
Supervisory Trial Attorney
Louisiana Bar # 03741

\s\ Valerie Hicks Powe
VALERIE HICKS POWE
Senior Trial Attorney
Alabama Bar # ASB-1127-W70V

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1130 – 22nd Street, South, Suite 2000
Birmingham, AL   35205
Tele:  205/212-2046
Fax:   205/212-2041

6